## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RAAB SALES, INC.,**

      **Plaintiff,**

      **v.**                    **Case No.  07-2431-JWL**

**DOMINO AMJET, INC.,**

      **Defendant.**

_____

### MEMORANDUM AND ORDER

This lawsuit arises out of a distribution agreement in which plaintiff Raab Sales, Inc. served as a distributor of products manufactured and produced by defendant Domino Amjet, Inc.  Domino terminated the agreement, and Raab filed this lawsuit alleging that the timing of Domino's termination constituted a breach of the agreement.  The matter is currently before the court on Domino's motion to dismiss plaintiff's complaint (doc. #5).  Therein, Domino contends that a default judgment it obtained against Raab for Raab's non-payment on its account with Domino has the preclusive effect of establishing that Raab breached the agreement, which entitled Domino to terminate the agreement.  For the reasons explained below, the court disagrees.  Consequently, Domino's motion is denied as to Raab's breach of contract claim, but it is granted as to Raab's negligent misrepresentation and unjust enrichment/quantum meruit claims.

## BACKGROUND[1]

According to the allegations in Raab's complaint, on or about November 29, 2000, Raab and Domino entered into a written distribution agreement. Under the agreement, Raab was to distribute products manufactured and produced by Domino. In return, Domino would allow Raab to market and sell the products at an agreed-upon price and keep a percentage of profits from the sale. The term of the distribution agreement was for a period of one year commencing November 1, 2000, and ending October 31, 2001. This term was to automatically renew for additional twelve-month periods in the absence of three months' prior written notice by either party. It is undisputed that the agreement did, in fact, continue to renew automatically on an annual basis until the following events transpired.

In November of 2006 Domino advised Raab that it desired to terminate the distribution agreement. On February 27, 2007, Domino ceased doing business with Raab and refused to allow Raab to distribute any more of its products. Raab alleges that Domino's termination of the parties' agreement was untimely. Raab's theory is that by the time Domino gave Raab notice, the agreement had already automatically renewed for an

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pleaded factual allegations in plaintiffs' complaint. In resolving the motion, the court will consider the contents of the parties' distribution agreement because Raab attached a copy of that agreement to the complaint. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."). The court will also consider the contents of the record from the Illinois state court action. *See id.* (court may take judicial notice of facts which are a matter of public record, but only to show their contents and not to prove the truth of the matters asserted therein).

additional one-year term up to November 1, 2007.  Based on these allegations, Raab asserts claims against Domino for breach of contract, negligent misrepresentation, and quantum meruit/unjust enrichment.

Domino now moves to dismiss the case on the grounds of res judicata.  On August 9, 2007, Domino brought suit in Illinois state court for breach of contract to recover amounts due from Raab under the agreement.  On October 31, 2007, the Illinois state court entered a default judgment for Domino and against Raab in the amount of $59,526.53.  Thus, Domino contends that the default judgment has the preclusive effect of establishing that Raab breached the agreement.  Domino contends that this fact is significant because a provision of the distribution agreement allowed it to terminate the agreement at any time upon a breach by Raab.  Specifically, the relevant provision states as follows:

> Domino shall have the right to terminate this Agreement at any time, prior to the expiration of the initial term or during any renewal term by giving notice in writing to Distributor with immediate effect upon the occurrence of either of the following events:
> i) Distributor breaches or defaults in its compliance with any of the terms, obligations, covenants, representations or warranties of this Agreement
> . . .

Complaint (doc. #1), Ex. A., Distribution Agreement, ¶ 13(a).  Domino also contends that Raab's negligent misrepresentation claim is barred by the economic loss doctrine and that Raab cannot recover in quantum meruit because a contract existed between the parties.

## MOTION TO DISMISS STANDARD

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S. Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

For the reasons explained below, the default judgment from the Illinois state court action is not entitled to preclusive effect on the issue that Raab breached the parties' distribution agreement. Although it would be entitled to assert claim preclusion, here Domino is seeking to preclude Raab from relitigating an issue (not a claim) and under Illinois

4

law a default judgment is not given preclusive effect under the collateral estoppel doctrine because no issue has been actually litigated.  Thus, the court denies Domino's motion to dismiss Raab's breach of contract claim.  The motion is granted with respect to Raab's negligent misrepresentation and unjust enrichment/quantum meruit claims because Raab has no right to relief based on these theories in light of the written contract between the parties.

**A.**   **Breach of Contract Claim**

The court turns first to Domino's argument that it was entitled to terminate the agreement because the default judgment from the Illinois state court action operates as res judicata.  In determining the preclusive effect of a state court judgment, federal courts apply the preclusion law of the state in which judgment was rendered.  *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-82 (1985); *Nichols v. Bd. of County Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007).  Under Illinois law, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action.  *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998).  Res judicata promotes judicial economy by requiring parties to litigate in one case all claims arising out of the same group of operative facts.  *Nowak v. St. Rita High School*, 757 N.E.2d 471, 479 (Ill. 2001).  The following requirements must be met for the doctrine to apply: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of the cause of action; and (3) there is an identity of parties or their privies.  *Nowak*, 757 N.E.2d at 477; *River Park, Inc.*, 703 N.E.2d at 889.  If res judicata applies, the prior judgment is conclusive as to the rights of the parties

and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Nowak*, 757 N.E.2d at 477. When res judicata serves as a bar against the prosecution of a second action between the same parties upon the same claim or demand, it is conclusive as to every matter that was offered to sustain the claim or demand as well as any other matter which might have been offered for that purpose. *Id.*

In response to Domino's motion to dismiss, Raab does not dispute that the Illinois state court judgment is entitled to res judicata or claim preclusive effect. Instead, Raab argues that Domino is not seeking to preclude the **claim** raised in that case but rather that Domino is seeking to preclude Raab from relitigating the particular **issue** of whether Raab breached the agreement. The court agrees. Although the claims raised in both actions arise from the same contract (the distribution agreement), the nature of those claims are fundamentally different insofar as they arise from different sets of operative facts. In the Illinois case, Domino claimed that Raab breached its obligations under the agreement by not paying for products ordered from Domino and received by Raab within thirty days of the date of the invoice. As such, the operative facts at issue in that case were Raab's failure to remit payments to Domino for outstanding invoices due and owing. Thus, principles of res judicata would preclude Raab from relitigating Domino's claim that it is entitled to those monies. But, Raab's claim in this case arises from a separate set of operative facts. Here, Raab is alleging that Domino breached the distribution agreement by terminating it at a point in time when Domino was not entitled to do so because the agreement had already

6

automatically renewed for another year.  The very nature of this claim is separate and distinct from Raab's non-payment of amounts due.  It is related only insofar as Domino is asserting as a defense in this case that its termination was permissible under a separate contract provision allowing it to terminate the agreement upon breach by Raab.  It is in this sense that Domino is seeking to preclude Raab from relitigating the issue, but not the claim, that Raab breached the agreement.  This is quintessentially the nature of collateral estoppel, not res judicata.  "The doctrine of collateral estoppel applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction." *Nowak*, 757 N.E.2d at 477.  The Illinois case and this case involve different causes of action and have a controlling fact or question in common (i.e., Raab's breach of the agreement) that is material to the determination of both cases.  Thus, the preclusive effect that must be given to the default judgment in the Illinois state court action is governed by the principles of collateral estoppel, or issue preclusion, not res judicata.

Collateral estoppel bars the trial of an issue that has been fairly and completely resolved in a previous proceeding. *LaSalle Bank N.A. v. Village of Bull Valley*, 826 N.W.2 449, 456 (Ill. App. Ct. 2005).  In order to establish collateral estoppel under Illinois law, a defendant must establish the following: (1) the issue decided in the prior action was identical to the one presented in the suit in question; (2) a court of competent jurisdiction rendered a final judgment on the merits in the prior action; (3) the party against whom the doctrine is

asserted was a party to the prior action or in privity with such a party; and (4) the factual issue has actually and necessarily been litigated and determined in the prior action. *Id.* The first, second, and third of these elements appear to be satisfied here. It is the fourth requirement that presents the key issue.

Under the doctrine of collateral estoppel, the judgment in the first suit "operates as an estoppel only as to the point or question actually litigated and determined." *Nowak*, 757 N.E.2d at 477. The majority view is that a default judgment is not normally given preclusive effect under the collateral estoppel doctrine because no issue has been "actually litigated." *See In re Catt*, 368 F.3d 789, 791 (7th Cir. 2004) (noting that the opposing view is the minority approach); *see also* Restatement (Second) of Judgments § 27 cmt. e (issue preclusion does not apply in the case of a default judgment because issues are not actually litigated). The Illinois Supreme Court has not decided the issue of whether a default judgment is entitled to collateral estoppel effect. In *In re Nikitas*, 326 B.R. 127 (Bankr. N.D. Ill. 2005), the bankruptcy court collected the Illinois cases that bear on this issue and concluded that Illinois adheres to the majority rule that default judgments have no collateral effect because issues are not actually litigated. *Id.* at 133. For essentially the reasons stated in *Nikitas*, which the court finds to be persuasive because of its thorough discussion and careful consideration of the meaning and impact of the relevant case law, this court agrees. *See also In re Dealey*, Case No. 05-8125, 2006 WL 211944, at *2 (Bankr. C.D. Ill. 2006) (agreeing with the court's reasoning in *Nikitas*); *In re Fields*, Case No. 03-8153, 2005 WL 2205787, at *3 (Bank. C.D. Ill. 2005) (same). Because the issue of whether Raab breached

the distribution agreement was not actually litigated in the Illinois state court action, then, Raab is not collaterally estopped from litigating that issue in this case.

Domino nonetheless contends that the doctrine of res judicata provides that a final judgment is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. *Housing Auth. v. YMCA*, 461 N.E.2d 959, 962 (Ill. 1984). Domino's rationale is that under Illinois law a cause of action for res judicata purposes includes the original claim and defenses that were or might have been offered against the claim; that a party who breaches a contract cannot recover damages arising out of a subsequent breach by the other party; therefore if Raab wanted to argue that Domino had breached the contract it should have done so in the prior action; and having failed to do so its breach of contract claim is now precluded. It is true that a party who has materially breached an agreement cannot recover damages from the other party to the contract. *Goldstein v. Lustig*, 507 N.E.2d 164, 167-68 (Ill. Ct. App. 1987). But, Domino's argument obfuscates the critical distinction that in this lawsuit Raab is not seeking to raise Domino's alleged breach as a defense to Domino's claim that it is entitled to payment from Raab so as to nullify the earlier judgment or impair the rights Domino established in that default judgment. *See Cabrera v. First Nat'l Bank*, 753 N.E.2d 1138, 1145 (Ill. App. Ct. 2001) (res judicata bars claims based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action). Furthermore, unlike under the Federal Rules of Civil

9

Procedure, in Illinois counterclaims are permissive rather than mandatory and therefore a defendant may generally raise a claim against the plaintiff by way of a counterclaim or by way of a separate action. *Fuller Family Holdings, LLC v. Northern Trust Co.*, 863 N.E.2d 743, 755-56 (Ill. App. Ct. 2007). Here, Raab has chosen to assert its claim that the timing of Domino's termination constituted a breach of the agreement by way of a separate action rather than as a defense or a counterclaim to Domino's original claim. Raab is not precluded from asserting a claim against Domino that arises from different operative facts than the earlier claim where Raab has raised that claim in a manner that is not designed to nullify the earlier judgment or impair the rights established in that action. Accordingly, Domino's motion to dismiss Raab's breach of contract claim is denied.

**B.    Negligent Misrepresentation Claim**

Domino moves to dismiss Raab's negligent misrepresentation claim on the grounds that it is barred by the economic loss doctrine. Under Illinois law, a plaintiff may not recover solely economic damages in a tort action. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 451 (Ill. 1982).[2]  Raab, while not disputing this point, argues that it would be fundamentally unfair for the court to find res judicata and then not allow Raab to proceed under a tort theory. But "[a] plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the

---

[2] Domino has pointed out that the parties' distribution agreement contains an Illinois choice-of-law provision, and Raab does not dispute that Illinois law applies to all of its claims.

10

plaintiff's inability to recover under an action in contract." *Anderson Elec., Inc. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 249 (Ill. 1986).  Given the undisputed existence of the parties' written distribution agreement, then, Raab cannot recover in tort regardless of its ability to recover on its breach of contract theory.  Accordingly, this aspect of Domino's motion to dismiss is granted.

**C.**     **Quantum Meruit/Unjust Enrichment Claim**

Similarly, Domino points out that quasi-contractual claims such as quantum meruit and unjust enrichment have no application where a specific contract governs the parties' relationship. *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (unjust enrichment); *Hedlund & Hanley, LLC v. Bd. of Trustees*, 876 N.E.2d 1, 7 (Ill. App. Ct. 2007) (quantum meruit); *Chicago Hosp. Risk Pooling Program v. Illinois State Med. Inter-Insurance Exchange*, 758 N.E.2d 353, 363 (Ill. Ct. App. 2001) (both).  Again, because it is undisputed that the parties' relationship was governed by the written distribution agreement, Raab has no right to relief based on a quantum meruit and/or unjust enrichment theory.  Accordingly, this aspect of Domino's motion to dismiss is also granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss (doc. #5) is denied as to Raab's breach of contract claim and is granted as to its negligent misrepresentation and quantum meruit/unjust enrichment claims.

**IT IS SO ORDERED** this 15th day of January, 2008.

11

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge